IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CHASE BANK USA, N.A.,

    Plaintiff,

  v.

PREMIER INVESTIGATION
SERVICES, LLC, a/k/a ENM
INVESTMENTS, et al.,

    Defendants.

Civil No. 18-9058 (RMB/KMW)

**ORDER**

    Currently pending before the Court are two motions filed by Plaintiff Chase Bank USA, N.A. The first is its Motion for Entry of Default Judgment, or, in the Alternative, for Summary Judgment as against Defendants Premier Investigation Services LLC, a/k/a ENM Investments ("Premier") and Foster & Parks Group LLC, d/b/a Mitchell and Associates, a/k/a Mediation Offices of Mitchell & Associates ("F&P" and, collectively, the "LLC Defendants"). [Docket No. 49.] The second pending motion is a Motion for Summary Judgment and for a Permanent Injunction Against Defendant Marie Parks. [Docket No. 54.]

    As to the first motion, F&P and Premier were dissolved <u>and terminated</u> pursuant to N.J. STAT. ANN. § 42:2C on May 3 and 4, 2018, respectively. [Docket No. 49-3, Exhs. P-Q.] Plaintiff filed this

suit on May 10, 2018, days after the LLCs were terminated. [Docket No. 1.]

According to Section 42:2C-49, "[a] dissolved limited liability company shall wind up its activities, and the company continues after dissolution only for the purpose of winding up." N.J. STAT. ANN. § 42:2C-49(a). "Winding up" includes "prosecut[ing] and defend[ing] actions and proceedings, whether civil, criminal, or administrative." Id. § 42:2C-49(b)(2)(c). Per Section 42:2C-2,

> "[t]erminated" means, with respect to a limited liability company, that such company has been dissolved, that all of its affairs have been wound up, and that all of its assets have been either applied to discharge its obligations to creditors, including members that are creditors, or distributed to its members.

Id. § 42:2C-2 (emphasis added).

That Premier and F&P had both been terminated prior to the filing of this suit means their affairs had been wound up prior to the filing of this suit. Since an LLC continues to exist after dissolution only for the purpose of winding up, it follows that Premier and F&P no longer existed as legal entities at the time of the filing of this suit because the State of New Jersey Department of the Treasury had already granted a Certificate of Termination as to both LLC Defendants.[1] Thus, no later than May 4, 2018, neither of the LLC Defendants could sue or be sued.

---

[1] In its brief, Plaintiff argues that the LLC Defendants are still amenable to suit because neither of their respective certificates of formation have been "cancelled." [Docket No. 49-1, at 3 n.4.] Plaintiff rests this argument on a District of New Jersey case that quoted the following language from a Supreme

2

In its second motion, Plaintiff alleges, in an effort to prove irreparable harm, that "[i]t is probable Parks still possesses the confidential information of Chase's cardmembers, and, if given the opportunity, will resurrect her fraudulent conduct in the absence of a permanent restraint." [Docket No. 54-1, at 20-21.] In her response, Ms. Parks disputes that allegation. [Docket No. 56.] She states that once she learned that the accounts in question were with Chase, she "immediately . . . remove[d] any information pertaining to [C]hase accounts from the system and [she] ceased all collection on the accounts." [Id.] She later dissolved her businesses and "gave [her] hard drive to courier from [C]hase." [Id.]

Therefore,

IT IS this **26th** day of **FEBRUARY** 2020, hereby:

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment, or, in the Alternative, for Summary Judgment [Docket No. 49] is **DENIED** in its entirety; and it is further

---

Court of Washington case: "[O]nce a limited liability company's certificate of formation is canceled, it no longer exists as a separate legal entity for any purpose." See International Union of Operating Engineers, Local 68, AFL-CIO v. RAC Atl. City Holdings, LLC, Nos. 11-3932 and 11-4585, 2013 WL 353211, at *9 (D.N.J. Jan. 29, 2013) (quoting Chadwick Farms Owners Ass'n v. FHC, LLC, 207 P.3d 1251, 1257 (Wash. 2009)). But, predictably, that Supreme Court of Washington case analyzed Washington — not New Jersey — statutes. See generally Chadwick Farms, 207 P.3d 1251. As discussed above, the New Jersey statutes at issue in this case allow for LLCs to be "terminated," not "cancelled." See N.J. STAT. ANN. § 42:2C-2. Therefore, it is irrelevant that, as Plaintiff argues, "[t]he certificates of formation of either of the LLC Defendants have not been canceled." [Docket No. 49-1, at 3 n.4.] What matters is that both LLCs have been terminated. Therefore, by the time Plaintiff filed this suit on May 10, 2018, the LLC Defendants could no longer be sued pursuant to New Jersey law.

**ORDERED** that Plaintiff's Complaint is **DISMISSED** as to Defendants Premier Investigation Services LLC, a/k/a ENM Investments, and Foster & Parks Group LLC, d/b/a Mitchell and Associates, a/k/a Mediation Offices of Mitchell & Associates; and it is further

**ORDERED** that, in the event Plaintiff wishes to continue its pursuit of a permanent injunction as against Ms. Parks, Plaintiff shall notify the Court of its decision within 10 days of the date of this Order, at which point the Court will either set a hearing date or dismiss the motion as moot.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge